IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

      Plaintiff,                    No. CIV S-05-1165 FCD DAD P

    vs.

D. WILLIAMS, et al.,

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        By an order filed June 28, 2005, plaintiff's application to proceed in forma pauperis was denied and plaintiff was ordered to submit the $250.00 filing fee for this action. In response, plaintiff contends that he was in imminent danger of serious physical injury when he filed this suit.

        As set forth in the court's June 28, 2005 order, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1         The present action was filed on June 13, 2005. On more than three occasions
2 prior to that date, lawsuits filed by the plaintiff were dismissed on the grounds that they were
3 frivolous or malicious or failed to state a claim upon which relief may be granted.[1] See Order
4 filed June 21, 1999, in Campbell v. Butts, No. CIV F-98-6483 AWI SMS P (E.D. Cal.); Order
5 filed March 27, 2001, in Campbell v. Randalph, No. CIV F-99-5462 REC HGB P (E.D. Cal.);
6 Order filed May 23, 2005, in Campbell v. Turner, No. CIV S-05-0778 FCD DAD P (E.D. Cal.);
7 and Order filed May 27, 2005, in Campbell v. Baughman, No. CIV S-05-0066 MCE DAD P
8 (E.D. Cal.). Plaintiff was incarcerated when he brought each of these actions.

9         In support of his contention that he was under imminent danger of serious
10 physical injury when he filed this action on June 13, 2005, plaintiff describes an incident that
11 occurred on April 26, 2005, involving two officers who are not defendants in this action.
12 Plaintiff alleges that one of the officers, whom he does not name, is continuing to threaten him as
13 a result of the incident. He states that he "had this incident investigated" and told the
14 investigative employee about the threats, and that the investigative employee took statements
15 from everybody. Plaintiff contends that he filed this suit both because he believed the
16 investigative employee violated the time constraints and because he felt his safety was
17 threatened. Plaintiff provides a copy of the investigative employee's report.

18         Plaintiff's exhibit shows that only three statements were taken – plaintiff's
19 statement and the statements of the two officers – and that plaintiff did not ask the investigative
20 employee to interview any witnesses, staff or inmate. The report does not reflect that plaintiff
21 advised the investigative employee of any threats. The report fails to support plaintiff's assertion
22 that he was under imminent danger of serious physical injury by an officer he fails to identify.
23 Plaintiff's assertion of imminent danger is also inconsistent with the following facts: (1) plaintiff
24 has not sued either of the officers involved in the incident on April 26, 2005; (2) plaintiff does

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  not contend that he was in danger from either of the defendants named in his complaint; (3)
2  plaintiff has alleged only a due process claim; and (4) plaintiff seeks millions of dollars in
3  damages on the ground that the investigative employee issued his report more than 24 hours
4  before the hearing.  Plaintiff has not demonstrated that he filed this action because he was under
5  imminent danger of serious physical injury from the defendants named in his complaint.
6           Because plaintiff has failed to show that he was in imminent danger of serious
7  physical injury when he filed this action or that the newly asserted danger arose in connection
8  with the claims alleged in this action, plaintiff may not proceed under 28 U.S.C. § 1915. Plaintiff
9  was cautioned that failure to pay the $250.00 filing fee within twenty days would result in a
10 recommendation that this action be dismissed.  Accordingly, IT IS HEREBY RECOMMENDED
11 that this action be dismissed without prejudice to the filing of a new action accompanied by
12 payment of the $250.00 filing fee.
13          These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, plaintiff may file written
16 objections with the court.  Such a document should be captioned "Objections to Magistrate
17 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
18 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
19 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: July 28, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23 DAD:13:lg
camp1165.fpf